UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

JOHNSON MARCRAFT, INC., )
)
    Plaintiff, )
) Case No. 3:15-1482
v. )
) JUDGE CAMPBELL
WESTERN SURETY COMPANY, )
)
    Defendant. )

## DEFENDANT WESTERN SURETY COMPANY'S AMENDED RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant Western Surety Company (hereinafter, "Western"), by and through its undersigned counsel, and pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, provides these amended responses to Plaintiff Johnson Marcraft, Inc.'s (hereinafter, "JMI") following interrogatories and requests for production of documents as follows:

## INTERROGATORIES

**Interrogatory No. 1:**

For each communication between you and Alexander Mechanical concerning Plaintiff's Bond Claim, please state (a) the date of the communication, (b) the person(s) who initiated the communication, (c) the person(s) who were contacted, (d) the type of communication, *e.g.*, telephone call, letter, e-mail, in person meeting, (e) the topics or subjects discussed, and (f) identify all documents concerning or reflecting the communication.

**ANSWER:**

335906.1

Exhibit 1

Western has attached all communications in its file between itself and Alexander Mechanical concerning JMI's Bond Claim which identifies the date of communication, the persons initiating the communication, the person(s) who were contacted, the type of communication, and the topics discussed. Said communications are attached in the Western's Alexander Mechanical File attached as <u>Exhibit A</u> and Western's Alexander Mechanical Underwriting File attached as <u>Exhibit B</u>.

As it concerns verbal communications, Western did have conversations with counsel of Alexander Mechanical. It is believed that telephonic conversations occurred but any substantive communications related to this matter were memorialized in writing and have been provided in the aforementioned exhibits.

<u>Interrogatory No. 2:</u>

Please explain in detail all steps or actions taken by you after June 26, 2015 to investigate the assertions made in Plaintiff's Bond Claim and identify all documents related thereto.

ANSWER:

Western has attached all documents referencing its investigation following Plaintiff's Bond Claim. Said investigative documents are attached in <u>Exhibit A</u>.

<u>Interrogatory No. 3:</u>

Please identify all demands for indemnity made by Defendant upon Alexander Mechanical concerning the Payment Bond or Plaintiff's Bond Claim, including any demands or requests that Alexander Mechanical deposit with Defendant collateral security in an amount and kind satisfactory to Defendant, and identify all documents related thereto.

ANSWER:

335906.1     2

Case 3:15-cv-01482 Document 38-1 Filed 06/13/16 Page 2 of 13 PageID #: 374

Western has attached correspondence referencing Western's demand for indemnity and Alexander Mechanical's response as it concerns the Payment Bond and/or Plaintiff's Bond Claim. There has been no demand or request for collateral security at this time. Said correspondence is attached in <u>Exhibit A</u>.

**Interrogatory No. 4:**

Please identify all requests made by Defendant to Alexander Mechanical concerning the Payment Bond or Plaintiff's Bond Claim in which Defendant sought or requested access to any books and records of Alexander Mechanical, and identify all documents related thereto, including any documents made available to Defendant by Alexander Mechanical in response to any such request.

**ANSWER:**

Western has attached all documents referencing its investigation following Plaintiff's Bond Claim. Said investigative documents are attached in <u>Exhibit A</u>.

**Interrogatory No. 5:**

Please identify all steps or actions taken by you to obtain information regarding the financial condition, affairs, or wherewithal of Alexander Mechanical following the issuance of the Payment Bond, including obtaining a credit report for Alexander Mechanical, and identify all documents related thereto.

**ANSWER:**

Western has attached all documents referencing its investigation following Plaintiff's Bond Claim. Said investigative documents are attached in <u>Exhibit A</u>.

### Interrogatory No. 6:

Please identify each ground on which the allegation that "[t]he Complaint fails to state a claim upon which relief may be granted," as alleged in the "First Defense" to your Answer, is based and identify all facts and all documents reflecting or relating to such facts regarding that allegation.

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, it is Western's position that no money is due and/or owing to JMI and as such, no relief may be granted. All documents relating to such facts are attached in Exhibit A.

### Interrogatory No. 7:

Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "WSC was not the proximate or actual cause of Plaintiff's alleged injuries," as alleged in the "Second Defense" to your Answer.

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, Western's actions and/or inactions, did not cause any of JMI's alleged damages. To this point, Plaintiff's cause of action relates back to alleged monies owed and not paid by Alexander Mechanical to JMI.

**Interrogatory No. 8:**

Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "WSC is entitled to an offset to alleged monies owed," as alleged in the "Third Defense" to your Answer.

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, see **Exhibit A** and Alexander Mechanical's Third Party Counterclaim against JMI presenting a basis for offsetting of alleged monies owed.

**Interrogatory No. 9:**

Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "[a]t all times relevant hereto, WSC performed as surety in accordance with the agreement executed by and between Alexander Mechanical Contractors, Inc. (hereinafter 'Alexander'), fully, properly, and in accordance with the applicable standard of care" and that "[t]hus, WSC, as surety of Alexander, is not liable for any damages related to the agreement executed by and between Alexander and Johnson Marcraft, Inc.," as alleged in the "Fourth Defense" to your Answer.

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, see **Exhibit A** attached reflecting Western's relationship with Alexander and its investigation into JMI's claims.

**Interrogatory No. 10:**

Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "no cause of action exists," as alleged in the "Fifth Defense" to your Answer.

**ANSWER:**

**Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, it is Western's position that no money is due and/or owing to JMI and as such, no relief may be granted. See <u>Exhibit A</u> and Alexander Mechanical's Third Party Counterclaim against JMI.**

**Interrogatory No. 11:**

Please identify all contractual provisions, statutes and/or legal principles upon which your request for attorneys' fees on page 6 of your Answer is based and identify all facts and all documents reflecting or relating to such facts regarding that request, including but not limited to all fee agreements, retention agreements, billing statements, invoices and evidence of payment.

**ANSWER:**

**Western is not incurring attorneys' fees at this time as Alexander Mechanical has agreed to indemnify Western pursuant to its contract with Alexander Mechanical. See <u>Exhibit A.</u> Per the agreement to indemnify, Western's fees are incurred by Alexander. Alexander has a claim for attorney's fees under its controlling Purchase Order.**

**Interrogatory No. 12:**

Please explain the basis for your denial of Paragraph 19 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 19 of Plaintiff's Complaint alleges: "On July 9, 2013, Alexander and JMI entered into a contact pursuant to which Alexander

335906.1

6

agreed to purchase, and JMI agreed to sell, two AHUs for the Project, as described in JMI's Submittals, for the purchase price of $2,242,340.00 (which amount was subsequently increased slightly to $2,249,710.00 pursuant to two change orders issued by Alexander)").

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, a dispute exists as to which documents are controlling. The date of contract and relative terms and conditions of the contract are disputed as JMI believes its submittals are controlling and Alexander believes its Purchase Order is controlling.

**Interrogatory No. 13:**

Please explain the basis for your denial of Paragraph 20 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 20 of Plaintiff's Complaint alleges: "The contract between Alexander and JMI was formed when Alexander signed and approved JMI's Submittals, each of which included JMI's Terms and Conditions of Sale (the 'Terms and Conditions'). A copy of page 1 of each Submittal, as signed by Alexander, and the Terms and Conditions is attached hereto as Exhibit D.").

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, a dispute exists as to which documents are controlling. The date of contract and relative terms and conditions of the contract are disputed as JMI believes its submittals are controlling and Alexander believes its Purchase Order is controlling.

**Interrogatory No. 14:**

Please explain the basis for your denial of Paragraph 26 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 26 of Plaintiff's Complaint alleges: "Alexander unilaterally withheld 5% of the invoice amount for the EC Unit notwithstanding paragraph 2 of the Terms and Conditions, which required Alexander to pay JMI's invoice in full within 30 days of invoicing.").

**ANSWER:**

**Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, a dispute exists as to which documents, and the terms thereof, are controlling. Moreover, funds were withheld due to the actions and/or inactions of JMI as described in Alexander Mechanical's Third-Party Complaint.**

## Interrogatory No. 15:

Please explain the basis for your denial of Paragraph 30 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 30 of Plaintiff's Complaint alleges: "Alexander unilaterally withheld 10% of the invoice amount for the BH Unit even though paragraph 2 of the Terms and Conditions required Alexander to pay JMI in full within 30 days of invoicing.").

**ANSWER:**

**Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, a dispute exists as to which documents, and the terms thereof, are controlling. See also, Alexander Mechanical's Third-Party Counterclaim against JMI.**

**Interrogatory No. 16:**

Please explain the basis for your denial of Paragraph 31 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 31 of Plaintiff's Complaint alleges: "On June 11, 2014, Alexander's check for partial payment of the BH Unit was returned to JMI for non-sufficient funds (the 'Bad Check'). A redacted copy of the Bad Check is attached hereto as Exhibit E.").

**ANSWER:**

Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, it is not disputed that the June 11, 2014 check from Alexander to JMI for partial payment of the BH Unit was returned for non-sufficient funds, but it is disputed that the check was due and owing.

**Interrogatory No. 17:**

Please explain the basis for your denial of Paragraph 37 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 37 of Plaintiff's Complaint alleges: "As of May 5, 2015, JMI had fully performed its obligations under its contract with Alexander.").

**ANSWER:**

See **Exhibit A** and Alexander Mechanical's Third Party Counterclaim against JMI.

**Interrogatory No. 18:**

Please explain the basis for your denial of Paragraph 38 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 38 of Plaintiff's Complaint alleges: "As of May 4, 2015, the principal amount owed by Alexander to JMI was $589,629.47 ($42,635.82 for the EC Unit + $546,993.65 for the BH Unit), plus accrued and unpaid service charges of $109,937.81, which continue to accrue at the per diem rate of $294.81.").

**ANSWER:**

**See Exhibit A and Alexander Mechanical's Third Party Counterclaim against JMI.**

**Interrogatory No. 19:**

Please explain the basis for your denial of Paragraph 39 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 39 of Plaintiff's Complaint alleges: "Alexander failed to pay JMI the balance due under its contract with JMI and is believed to have inadequate funds to do so, as reflected by the Bad Check Alexander sent to JMI at the time Alexander first attempted to make partial payment to JMI for the BH Unit.").

**ANSWER:**

**See Exhibit A and Alexander Mechanical's Third Party Counterclaim against JMI.**

**Interrogatory No. 20:**

Please explain the basis for your denial of Paragraph 48 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 48 of Plaintiff's Complaint alleges: "Western's [October 30, 2015] letter did not address, let alone attempt to refute, the substance of JMI's letter of September 17, 2015, including the portions of said letter quoted above.").

**ANSWER:**

See **Exhibit A**. Specifically, Western's letter states that "Alexander Mechanical Contractors asserts that the back charges against Johnson Marcraft significantly exceed the claim filed by Johnson Marcraft." Moreover, Western states that it appears to Western that Alexander Mechanical's position is reasonable under the circumstances.

**Interrogatory No. 21:**

Please explain the basis for your denial of Paragraph 49 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 49 of Plaintiff's Complaint alleges: "Western's [October 30, 2015] letter also did not reflect that Western conducted any investigation of its own into JMI's claim.").

**ANSWER:**

See **Exhibit A**. Specifically, Western's letter states that "Alexander Mechanical Contractors asserts that the back charges against Johnson Marcraft significantly exceed the claim filed by Johnson Marcraft." Moreover, Western states that it appears to Western that Alexander Mechanical's position is reasonable under the circumstances. Without explicitly stating that it has conducted its own investigation, the basis for Western's position indicates an investigation into the claim had occurred.

**Interrogatory No. 22:**

Please explain the basis for your denial of Paragraph 58 of Plaintiff's Complaint in your answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 58 of Plaintiff's Complaint alleges: "Western's denial of JMI's claim under the Payment Bond was not asserted with reasonable cause or excuse in that Western did not conduct an independent investigation of JMI's claim but, instead, merely deferred to Alexander's refusal to pay, even though Alexander is insolvent or unable to pay JMI and Alexander's refusal to pay is manifestly indefensible.").

   **ANSWER:**

   See <u>Exhibit A</u>. Not only does this position seek to state an unfounded conclusion, it is inherently wrong. Specifically, Western's letter states that "Alexander Mechanical Contractors asserts that the back charges against Johnson Marcraft significantly exceed the claim filed by Johnson Marcraft." Moreover, Western states that it appears to Western that Alexander Mechanical's position is reasonable under the circumstances. Without explicitly stating that it has conducted its own investigation, the basis for Western's position indicates an investigation into the claim had occurred.

## VERIFICATION

Western Surety Company

By: _MarkSMcKibb_ (signature)

Print name: MARK S McKibbin

Title: Authorized Representative

STATE OF Illinois

COUNTY OF Cook

Sworn to and subscribed before me by this 1st day of June, 2016, by Mark S. McKibbin, as Authorized Representative of Western Surety Company, who is personally known to me ~~or has produced _____ as identification~~.

[SEAL]
OFFICIAL SEAL
KENNETH MASTNY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03/21/18

_Kenneth Mastny_ (signature)
Notary Public
Printed Name: Kenneth Mastny
~~Commission #~~