# Coleman, Duane L.

| | |
|---|---|
| **From:** | Coleman, Duane L. |
| **Sent:** | Friday, May 27, 2016 12:04 PM |
| **To:** | 'gcashion@smithcashion.com'; 'rhutchison@smithcashion.com' |
| **Cc:** | Goerisch, C. David; jbradshaw@wyattfirm.com |
| **Subject:** | Johnson Marcraft, Inc. v. Western Surety Company |
| **Attachments:** | Joint Statement.pdf |

Greg and Ross:

After the Memorial Day weekend, we will filing a Motion to Compel against Western Surety Company. Toward that end, attached is the Joint Statement required by Local Rule 37.01(a) that recounts the matters in dispute that I discussed with Ross back on May 11, 2016.

Please contact me should you have any questions. Thank you.

LEWISRICE Duane L. Coleman
dcoleman@lewisrice.com
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7632 (direct)
314.612.7632 (fax)
www.lewisrice.com

Exhibit 5

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHNSON MARCRAFT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTERN SURETY COMPANY, )<br>)<br>Defendant/Third Party Plaintiff, )<br>)<br>v. )<br>)<br>ALEXANDER MECHANICAL )<br>CONTRACTORS, INC., )<br>)<br>Third Party Defendant/ )<br>Counter-Plaintiff. ) | Case No. 3:15-1482<br><br>JUDGE CAMPBELL |

## JOINT STATEMENT OF MATTERS AT ISSUE IN DISCOVERY DISPUTE

Pursuant to Local Rule 37.01(a), Plaintiff Johnson Marcraft, Inc. ("JMI") and Defendant Western Surety Company ("Western") prepare this joint written statement of the matters at issue in the discovery dispute between the parties.

On Wednesday, May 11, 2016, counsel for the parties conferred by telephone for approximately 75 minutes regarding the matters in dispute. To date, none of the matters in dispute, set forth below, have been resolved.

### Issues with Western's Response to JMI's First Set of Interrogatories

1. Western's responses are not verified (signed "under oath") as required by Federal Rule of Civil Procedure 33(b)(3).

2. Western's response to Interrogatory No. 1 is incomplete – it only provides information "in [Western's] file" relating to communications with Alexander Mechanical

2165527

Contractors, Inc. ("Alexander") but provides no information regarding Western's verbal communications with Alexander.

3. Western's responses to Interrogatory Nos. 2-5 are evasive and incomplete – assuming Western properly responded by producing business records (which JMI disputes), the responses merely refer JMI to a mass of documents without specifying the document(s) that contain the information requested by JMI.

4. Western's responses to Interrogatory Nos. 6-10 are evasive and incomplete – assuming Western properly responded by producing business records (which JMI disputes because, among other things, only Western knows the facts and documents it relied on to support to its affirmative defenses), the responses merely refer JMI to a mass of documents without specifying the document(s) that contain the information requested by JMI.

5. Western's responses to Interrogatory Nos. 11 and 16 do not answer the questions posed by JMI.

6. Western's responses to Interrogatory Nos. 12 and 13 are evasive and incomplete – Western merely states "a dispute exists as to which documents are controlling" without providing the information requested by JMI regarding the basis for Western's denials of key allegations in JMI's Complaint.

7. Western's responses to Interrogatory Nos. 17, 20 and 22 are evasive and incomplete – assuming Western properly responded by producing business records (which JMI disputes because, among other things, only Western knows the facts and documents it relied on to deny allegations in JMI's Complaint), the responses merely refer JMI to a mass of documents without specifying the document(s) that contain the information requested by JMI.

2

## Issues with Western's Response to JMI's First Request for Production

1. Western's response to Request No. 11 is evasive – it refers to a mass of documents that contains no documents responsive to this request and Western has failed to produce the documents sought.

2. Western's response to Request No. 20 is incomplete – only a partial copy of the contract between Alexander and M.A. Mortensen has been produced by Western.

Prepared this 27th day of May, 2016.

LEWIS RICE LLC

By: /s/ Duane L. Coleman
Duane L. Coleman, #35898MO (pro hac)
C. David Goerisch, #48418MO (pro hac)
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600
(314) 241-6056 (facsimile)
dcoleman@lewisrice.com
dgoerisch@lewisrice.com

   -and-

WYATT, TARRANT & COMBS, LLP
James C. Bradshaw III, #13170
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
(615) 244-0020
(615) 256-1726 (facsimile)
jbradshaw@wyattfirm.com

Attorneys for Plaintiff,
Johnson Marcraft, Inc.

SMITH CASHION & ORR, PLC

By: /s/ Gregory L. Cashion
Gregory L. Cashion (No. 10697)
J. Ross Hutchison (No. 31170)
231 Third Avenue North
Nashville, Tennessee 37201
(615) 742-8555
(615) 742-8556 (facsimile)
gcashion@smithcashion.com
rhutchison@smithcashion.com

Attorneys for Defendant,
Western Surety Company

3

Case 3:15-cv-01482  Document 43-5  Filed 06/30/16  Page 4 of 4 PageID #: 524