# Coleman, Duane L.

| | |
|---|---|
| **From:** | Coleman, Duane L. |
| **Sent:** | Monday, June 06, 2016 12:57 PM |
| **To:** | 'Ross Hutchison'; Goerisch, C. David |
| **Cc:** | jbradshaw@wyattfirm.com; Greg Cashion |
| **Subject:** | RE: Western Amended Discovery Responses |
| **Attachments:** | Joint Statement.pdf |

Mr. Hutchison:

The Amended Responses of Western Surety Company ("Western") do little to resolve the issues with Western's original responses to Plaintiff's interrogatories. Therefore, Plaintiff intends to move forward with a motion to compel.

Toward that end, attached is a revised version of the "Joint Statement of Matters at Issue in Discovery Dispute." As you will see, Western's position (now that it has finally taken one) is set forth in the revised Joint Statement based on the content of your trailing e-mail and/or Western's Amended Responses. To the extent you disagree or Western wishes to reconsider its position, please advise promptly, in writing. Thank you.

LEWISRICE
**Duane L. Coleman**
dcoleman@lewisrice.com
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7632 (direct)
314.612.7632 (fax)
www.lewisrice.com

**From:** Ross Hutchison [mailto:RHutchison@smithcashion.com]
**Sent:** Wednesday, June 01, 2016 3:53 PM
**To:** Coleman, Duane L. <dcoleman@lewisrice.com>; Goerisch, C. David <dgoerisch@lewisrice.com>
**Cc:** jbradshaw@wyattfirm.com; Greg Cashion <GCashion@smithcashion.com>
**Subject:** Western Amended Discovery Responses

Gentlemen:

Attached please find the Amended Responses of Western Surety. A copy is also being sent via U.S. Mail.

In hopes of assisting you in your review of the amended responses and referencing the proposed Joint Statement:

No.1 has been addressed

No.2 has been addressed.

No.3 – Western maintains its position that it provided the documents as they have been kept in the usual course of business. It is Western's position that the records produced fall under 34(b)(2)(E)(i), and the amount of documents are not substantial or burdensome to review.

No.4. – Western has provided reference to Exhibit A as well as additional substantive remarks.

**Exhibit 11**

1

No.5 - Western has provided additional explanation for No.11 and No.16.

No.6. - Western has provided additional explanation.

No.7 - Western maintains its position that it provided the documents as they have been kept in the usual course of business. It is Western's position that the records produced fall under 34(b)(2)(E)(i), and the amount of documents are not substantial or burdensome to review.

RPDs

No.1 has been addressed.

No.2 has been addressed.

If you have any questions or concerns, please do not hesitate to contact me directly.

J. Ross Hutchison



231 Third Avenue North
Nashville, TN 37201
Direct (615) 742-8577
Facsimile (615) 742-8556
rhutchison@smithcashion.com

**NOTICE BY SMITH CASHION & ORR, PLC**

This message, as well as any attached document, contains information from the law firm of Smith Cashion & Orr, PLC that is confidential and/or privileged, or may contain attorney work product. The information is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. If you have received this message in error, please delete all electronic copies of this message and its attachments, if any, destroy any hard copies you may have created, without disclosing the contents, and notify the sender immediately. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHNSON MARCRAFT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-1482 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| WESTERN SURETY COMPANY, ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALEXANDER MECHANICAL ) | |
| CONTRACTORS, INC., ) | |
| ) | |
| Third Party Defendant/ ) | |
| Counter-Plaintiff. ) | |

## JOINT STATEMENT OF MATTERS AT ISSUE IN DISCOVERY DISPUTE

Pursuant to Local Rule 37.01(a), Plaintiff Johnson Marcraft, Inc. ("JMI") and Defendant Western Surety Company ("Western") prepare this joint written statement of the matters at issue in the discovery dispute between the parties.

On Wednesday, May 11, 2016, counsel for the parties conferred by telephone for approximately 75 minutes regarding the matters in dispute. On June 1, 2016, Western amended its discovery responses to address the deficiencies asserted by JMI. As set forth below, Western's amended responses resolved only some of the issues raised by JMI

### Issues with Western's Response to JMI's First Set of Interrogatories

1. Western's responses are not verified (signed "under oath") as required by Federal Rule of Civil Procedure 33(b)(3). Resolved by Western's amended response.

2. Western's response to Interrogatory No. 1 is incomplete – it only provides information "in [Western's] file" relating to communications with Alexander Mechanical Contractors, Inc. ("Alexander") but provides no information regarding Western's verbal communications with Alexander. Resolved by Western's amended response.

3. Western's responses to Interrogatory Nos. 2-5 are evasive and incomplete – assuming Western properly responded by producing business records (which JMI disputes), the responses merely refer JMI to a mass of documents without specifying the document(s) that contain the information requested by JMI. Western contends its responses are proper because it provided the documents as they have been kept in the usual course of business. It is Western's position that the records produced fall under Rule 34(b)(2)(E)(i), and the amount of documents are not substantial or burdensome to review. JMI disagrees. If the records are not substantial or burdensome to review, then Western's option to produce business records is inappropriate under Rule 33(d) in the first place. Furthermore, and in any event, merely producing documents as they are kept in the usual course of business per Rule 34(b)(2)(E)(i) does not negate or override the requirements of Rule 33(d)(1). In fact, "the same rules that apply to producing documents under Rule 33(d) are generally applicable to Rule 34." *Graske v. Auto–Owners Ins. Co.*, 647 F.Supp.2d 1105, 1108–09 (D. Neb. 2009).

4. Western's responses to Interrogatory Nos. 6-10 are evasive and incomplete – assuming Western properly responded by producing business records (which JMI disputes because, among other things, only Western knows the facts and documents it relied on to support to its affirmative defenses), the responses merely refer JMI to a mass of documents without specifying the document(s) that contain the information requested by JMI. Western contends its amended responses remedy JMI's concerns because the amended responses

2

"provided reference to Exhibit A" (Western's file for Alexander Mechanical containing 538 pages) "as well as additional substantive remarks." JMI disagrees, as the amended responses remain deficient under Rule 33(d).

5. Western's responses to Interrogatory Nos. 11 and 16 do not answer the questions posed by JMI. Western contends its amended responses provide addition explanation and are sufficient. JMI agrees with respect to Interrogatory No. 16 but disagrees with respect to Interrogatory No. 11, which does not specifically identify the document – which Western could easily do by referring to the document's Bates number – or the provision(s) within the document that would answer the question posed.

6. Western's responses to Interrogatory Nos. 12 and 13 are evasive and incomplete – Western merely states "a dispute exists as to which documents are controlling" without providing the information requested by JMI regarding the basis for Western's denials of key allegations in JMI's Complaint. Western contends its amended responses are sufficient because they "provided additional explanation." JMI disagrees, as Western's amended responses merely state "Alexander believes its Purchase Order is controlling" without stating any *facts* (as requested by JMI) regarding this purported belief by Alexander.

7. Western's responses to Interrogatory Nos. 17, 20 and 22 are evasive and incomplete – assuming Western properly responded by producing business records (which JMI disputes because, among other things, only Western knows the facts and documents it relied on to deny allegations in JMI's Complaint), the responses merely refer JMI to a mass of documents without specifying the document(s) that contain the information requested by JMI. Western contends its responses are proper because it provided the documents as they have been kept in the usual course of business. It is Western's position that the records produced

3

fall under Rule 34(b)(2)(E)(i), and the amount of documents are not substantial or burdensome to review. JMI disagrees. If the records are not substantial or burdensome to review, then Western's option to produce business records is inappropriate under Rule 33(d) in the first place. Furthermore, and in any event, merely producing documents as they are kept in the usual course of business per Rule 34(b)(2)(E)(i) does not negate or override the requirements of Rule 33(d)(1). In fact, "the same rules that apply to producing documents under Rule 33(d) are generally applicable to Rule 34." *Graske, supra.*

### Issues with Western's Response to JMI's First Request for Production

1. Western's response to Request No. 11 is evasive – it refers to a mass of documents that contains no documents responsive to this request and Western has failed to produce the documents sought. Resolved by Western's amended response, which states "none."

2. Western's response to Request No. 20 is incomplete – only a partial copy of the contract between Alexander and M.A. Mortensen has been produced by Western. Resolved by Western's amended response, which state "[t]he contract enclosed is the entirety of the contract within Western's possession."

Prepared this 6th day of June, 2016.

4

LEWIS RICE LLC

By: /s/ Duane L. Coleman
Duane L. Coleman, #35898MO (pro hac)
C. David Goerisch, #48418MO (pro hac)
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600
(314) 241-6056 (facsimile)
dcoleman@lewisrice.com
dgoerisch@lewisrice.com

-and-

WYATT, TARRANT & COMBS, LLP
James C. Bradshaw III, #13170
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
(615) 244-0020
(615) 256-1726 (facsimile)
jbradshaw@wyattfirm.com

Attorneys for Plaintiff,
Johnson Marcraft, Inc.

SMITH CASHION & ORR, PLC

By: /s/ Gregory L. Cashion
Gregory L. Cashion (No. 10697)
J. Ross Hutchison (No. 31170)
231 Third Avenue North
Nashville, Tennessee 37201
(615) 742-8555
(615) 742-8556 (facsimile)
gcashion@smithcashion.com
rhutchison@smithcashion.com

Attorneys for Defendant,
Western Surety Company