2004 WL 6829614
Only the Westlaw citation is currently available.
United States District Court,
S.D. Ohio,
Eastern Division.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION, Plaintiff,
v.
Roger D. BLACKWELL, et al., Defendants.

No. 2:03–cv–63.
|
Signed Jan. 14, 2004.
|
Filed Jan. 15, 2004.

**Attorneys and Law Firms**

Mark Thomas D'Alessandro, Columbus, OH, Adolph J. Dean, Jr., Sunil R. Harjani, Chicago, IL, for Plaintiff.

William Chester Wilkinson, Daniel William Costello, O. Judson Scheaf, III, Scott A. Campbell, Columbus, OH, for Defendants.

*OPINION AND ORDER*

ALGENON L. MARBLEY, District Judge.

### I. INTRODUCTION

*1 This matter is currently before the Court on Defendant Roger Blackwell's Motion to Compel. For the following reasons, the Court **GRANTS** the Motion to Compel and **ORDERS** the Commission to provide narrative responses to Interrogatory Nos. 1–14.

### II. BACKGROUND[1]

This enforcement action filed by the United States Securities and Exchange Commission (the "SEC" or the "Commission") involves alleged insider trading in the stock of Worthington Foods, Inc. ("Worthington"). The SEC alleges that Defendant Roger D. Blackwell ("Blackwell"), a director of Worthington, provided illegal tips to close friends and family members prior to the October 1, 1999, announcement that the Kellogg Company ("Kellogg") had entered into an agreement to acquire Worthington. The SEC contends that these tips allowed the other named Defendants to profit in violation of the federal securities laws.

In a Complaint filed January 21, 2003, the Commission alleges that both the tipper, Roger Blackwell, and the tippees, Dale Blackwell, Christian Blackwell, Kelley Hughes, Kevin Stacy, Roger Blackwell and Associates Pension Plan Trust, Arnold Jack, and Black–Jack Enterprises, violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5. Additionally, the SEC alleges violations of Section 16(a) of the Exchange Act, 15 U.S.C. § 78(p)(a), and Rules 16a–2, 17 C.F.R. § 240.16a–2, 16a–3, 17 C.F.R. § 240.16a–3, and 16a–8, 17 C.F.R. § 240.16a–8, thereunder by Defendant Roger Blackwell.

On May 1, 2003, Defendant Blackwell filed a Motion to Dismiss based on failure to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure and failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. In an Opinion and Order dated November 19, 2003, the Court denied that Motion.

On July 26, 2003, Defendant Blackwell propounded written discovery. Defendant Roger Blackwell's First Set of Combined Discovery Requests to Plaintiff contains 14 contention interrogatories, designed primarily to elicit the specifics of conversations between Blackwell and the other Defendants in this action, as well as the specifics of how Blackwell benefitted from disclosing material non-public information to the other Defendants. On August 25, 2003, the Commission served its objections and responses to Defendant Blackwell's discovery requests. In responding to the contention interrogatories, the Commission first objected on the ground that they were premature. Subject to that objection, the Commission responded by identifying prior sworn testimony and documents that it had already produced to Defendants. A sample Interrogatory and Response follows:

**INTERROGATORY NO. 1:** With respect to your contention (as set forth in ¶ 25 of the Complaint) that "[d]uring that conversation [which took place on or about September 8, 1999] defendant Roger

Exhibit 14

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works. 1

Blackwell disclosed material non-public information concerning the Kellogg's acquisition of Worthington to his father," identify, state or describe the "material non-public information" which you contend was disclosed or communicated by Professor Blackwell during that conversation.

**\*2 RESPONSE:** The Commission incorporates its general responses and objections herein. The Commission further objects that this request is premature and calls for a legal conclusion. Subject to and without waiving its general and specific objections, the Commission states in response to this Request that the Commission has produced documents from which the answer to this request can be readily ascertained. Specifically, the Commission refers defendant Roger Blackwell to, *inter alia,* the testimony transcripts and related exhibits of Roger and Dale Blackwell, Dale Twomley and Joan Lieb, as well as the documents produced to the Commission by Roger Blackwell, Dale Blackwell, The Kellogg Company, Worthington Foods, Inc. and the National Association of Securities Dealers during the Commission's investigation.

This matter is before the Court on Blackwell's Motion to Compel under Rule 37 of the Federal Rules of Civil Procedure. In his Motion, Blackwell asks the Court to order the Commission to provide "complete narrative responses" to his interrogatories. Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 37.2, Blackwell attached to his Motion a declaration of his attorney, William P. McGrath, Jr., that testifies to the efforts made by counsel to resolve this discovery dispute without recourse to the Court. Attached to Blackwell's Reply Memorandum is a Second Declaration of William P. McGrath, Jr., that details the post-Motion contact between Blackwell's counsel and counsel for the SEC as it relates to the discovery dispute.

### III. ANALYSIS

Blackwell contends that the SEC should be compelled to respond to the interrogatories because the interrogatories seek to identify facts critical to the claims asserted against Blackwell, and the Commission's prior answers are not responsive. Blackwell claims that he is entitled to narrative responses that state the requested facts, rather than "references to heaps of documents and transcripts." The Commission asserts that, consistent with Federal Rule of Civil Procedure 33(d), its responses refer Blackwell to specific testimony transcripts and other materials previously produced to Defendants. The Commission contends, in the alternative, that the contention interrogatories are premature and the Court should enter an order postponing additional responses until the close of discovery.

Rule 33(d) provides a party responding to interrogatories with the option of forgoing a narrative response in favor of a response that specifies the business records of the responding party from which the answer may be derived or ascertained. Fed.R.Civ.P. 33(d). The Commission here has failed to establish one of the prerequisites for use of Rule 33(d): that the documents identified are the Commission's business records. *See Davis v. Fendler,* 650 F.2d 1154, 1158 n. 3 (9th Cir.1981) ("It is apparent that the records of [various state offices] do not qualify as appellant's 'business records.' A party cannot, under the guise of Rule 33(c) [now Rule 33(d) ], resort to such tactics."); *SEC v. Elfindepan, S .A.,* 206 F.R.D. 574, 577–78 (M.D.N.C.2002) (holding that pleadings, depositions, exhibits, and affidavits referenced by SEC in interrogatory response were not business records as required by Rule 33(d)); *Melius v. Nat'l Indian Gaming Comm'n,* No. CIV A 98–2210 (TFH/JMF), 2000 WL 1174994, at \*1, n. 2 (D.D.C. July 21, 2000) (holding that a submission that cross-references pleadings and exhibits is not an adequate interrogatory response and stating, "Plaintiff cannot seriously protest that Fed.R.Civ.P. 33(d), which excuses a party from providing a narrative answer to an interrogatory by producing business records, permits him to answer the interrogatory the way he did. The assertion that pleadings, depositions, or exhibits are 'business records' under this rule has been rejected by every court to consider it.") (citations omitted); *In re Savitt/Adler Litig.,* 176 F.R.D. 44, 49–50 (N.D.N.Y.1997) ("The records referred to by plaintiffs include depositions, answers to interrogatories by other parties and documents produced by defendants during discovery. None of these documents constitute business records of plaintiffs and, therefore, references to those documents and materials by plaintiffs in response to interrogatories was improper.") (citations omitted); *M & L Bus. Mach. Co., Inc. v. Kloepfer (In re M & L Bus. Mach. Co., Inc.),* 184 B.R. 366, 369 (D.Colo.1995) (holding that party's response to interrogatory improperly referred to third-party expert reports which were not business records of that party);

*Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton,* 136 F.R.D. 682, 687 (D.Kan.1991) (noting that Rule 33(d) "does not mention deposition transcripts, documents or writings that were generated, or discovered, respectively, during the course of prior discovery in the same case") (emphasis removed); *Hoffman v. United Telecomms., Inc.,* 117 F.R.D. 436, 438 (D.Kan.1987) (holding that documents submitted by an employer to the Equal Employment Opportunity Commission ("EEOC") were not business records of the EEOC for purposes of providing business records in lieu of an answer to an interrogatory); *accord SEC v. Bilzerian (In re Bilzerian),* 190 B.R. 964, 965 (M.D.Fla.1995); *Mahoney v. Kempton,* 142 F.R.D. 32, 33 (D.Mass.1992); *Smith v. Logansport Cmty. School Corp.,* 139 F.R.D. 637, 650 (N.D.Ind.1991).

*3 Examination of the case law reveals two shortcomings in the documents relied upon by the Commission to answer the interrogatories. First, as transcripts and other documents obtained during the investigation of this matter, these materials are not business records, but rather are more akin to the "[p]leadings, depositions, exhibits, and affidavits" that have been held not to constitute business records for purposes of Rule 33(d). E.g., *Elfindepan,* 206 F.R.D. at 577–78. Second, these documents are not the business records of the SEC, since the Commission admits that most of the pertinent documents referenced were obtained from Defendants. *See Hoffman,* 117 F.R.D. at 438 ("The court finds unpersuasive plaintiff-intervenor's argument that because the Equal Employment Opportunity Commission's (hereinafter EEOC) business is the investigation of charges of employment discrimination, documents submitted by employers are therefore the business records of the EEOC."). The Commission does not point to, and apparently did not produce, documents such as internal investigative memoranda that arguably might be viewed as business records of the Commission. The Commission therefore may not utilize the Rule 33(d) option and is required to provide narrative responses to Blackwell's interrogatories.

The next question is whether it would be premature to require the Commission to respond to the contention seeking interrogatories at this point. The general policy is to defer contention seeking interrogatories until discovery is near an end in order to promote efficiency and fairness. E.g., *Thomas & Betts Corp. v. Panduit Corp.,* No. 93 C 4017, 1996 WL 169389, at *2 (N.D.Ill. Apr.9, 1996); *Everett v. USAir Group, Inc.,* 165 F.R.D. 1, 3 (D.D.C.1995); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 110–11 (D.N.J.1990). Courts do, however, have discretion to allow use of contention seeking interrogatories before discovery is complete. *E.g., Thomas & Betts Corp.,* 1996 WL 169389, at *2; *Nestle Foods Corp.,* 135 F.R.D. at 110.

Here, the fact that discovery has just begun would seem to militate in favor of a deferral. Blackwell has not yet answered the Complaint; the Commission only recently sent subpoenas to non-parties; and the Commission has not yet propounded its planned interrogatories, requests for admissions, or document requests. As Blackwell notes, however, the Commission conducted a two-year investigation prior to commencing this action. As part of its investigation, the SEC subpoenaed records from each Defendant and from third-party witnesses and took the testimony of each Defendant and of third-party witnesses. The Commission is thus not in the same position as an ordinary civil litigant that has yet to commence discovery. Rather, it has the benefit of having conducted a lengthy investigation that should have yielded sufficient information to allow it to answer the interrogatories. Federal Rule of Civil Procedure 11 requires no less. *See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 652 (C.D.Cal.1997) ("Requiring the answer to these 'factual' contention interrogatories is 'consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint ....'") (quoting *In re One Bancorp Sec. Litig.,* 134 F.R.D. 4, 8 (D.Me.1991)). The rationale behind the postponement of contention interrogatories is thus not present here, where the Commission has already conducted significant discovery and should have, in fact is required to have, adequate information to support the contentions in its Complaint.

*4 Any concerns the Commission might have about limiting its position are "misplaced in that, among other things, the trial court may permit the withdrawal or amendment of an answer to an interrogatory." *Cable & Computer Tech.,* 175 F.R.D. at 651 (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil* § 2181 (2d ed.1994) and Advisory Committee Notes, 1970 Amendment to Rule 33(c) [now Rule 33(d) ] ). Indeed, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the

Commission will be required to supplement seasonably its interrogatory responses if additional information obtained during discovery provides further support for a contention or results in a change of theory by the Commission. Fed.R.Civ.P. 26(e). The interrogatories here thus are not premature and should be answered forthwith.

### IV. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant Roger Blackwell's Motion to Compel and **ORDERS** the Commission to amend its discovery responses to provide narrative responses to Interrogatory Nos. 1–14.

**IT IS SO ORDERED.**

All Citations

Slip Copy, 2004 WL 6829614

### Footnotes

1 For additional background information, see this Court's November 19, 2003, Opinion and Order denying Defendants' Motions to Dismiss.

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.