2000 WL 1174994
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.

Gary Alan MELIUS, Plaintiff,
v.
NATIONAL INDIAN GAMING
COMMISSION, Defendant.

No. CIV A 98–2210 (TFH/JMF).
|
July 21, 2000.

MEMORANDUM ORDER

FACCIOLA

Introduction

*1 After extensive briefing, Judge Hogan granted in part and denied in part the defendant's *Motion for Summary Judgment.* Still alive is plaintiff's complaint that the National Indian Gaming Commission ("the Commission") violated the Privacy Act by disclosing information it was supposed to keep private and by maintaining inaccurate information about plaintiff. The parties are still engaged in discovery and a dispute has arisen concerning the defendant's response to propounded interrogatories and his objections to certain requests to produce documents to plaintiff.

The Interrogatory Responses [# 1–4] Are Deficient

Defendant's first interrogatory asked plaintiff to describe in detail the basis for his allegation in paragraph 11 of his complaint that the director of the defendant Commission unlawfully disclosed information from the Commission's records system. The interrogatory asked plaintiff to specify the occasion of each such disclosure, the date plaintiff became aware of the disclosure, the source of plaintiff's information about disclosure, the identity of any person that has knowledge of the disclosure, and the contents of the disclosure. Plaintiff did not answer this interrogatory by way of narrative, but cross-references the documents which had been submitted during the briefing of the motion for summary judgment before Judge Hogan. Thus, plaintiff's answer to the first interrogatory stated that the basis for the allegation in paragraph 11 of his complaint are certain paragraphs of *Plaintiff's Statement of Material Facts in Opposition to Defendant's Motions for Summary Judgment,* his own declaration, and four of his exhibits, which I take to mean four of the exhibits he submitted to Judge Hogan during the briefing of the defendant's dispositive motions. Defendant protests that this and similar responses are not legitimate answers to interrogatories and it moves to compel narrative responses.[1]

Defendant's point is well taken. First of all, an interrogatory is a question propounded to a party which that party must answer under oath. Fed.R.Civ. 33(b). A submission by that party's counsel which cross-references pleadings and exhibits is simply not an answer to that interrogatory by that party. It must be recalled that interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (Fed.R.Evid.801(d)(2)), than an answer to an interrogatory. *See* Fed.R.Civ.P. 33(c) (expressly authorizing the use of interrogatories at trial to extent permitted by the law of evidence). A response which is nothing more than a cross-reference by counsel to other pleadings and exhibits is certainly not that kind of admission and defendant has every right to insist that the answer to its interrogatories be in the form the Federal Rules of Civil Procedure requires. Here, as throughout the law, the form is just as important as the substance.[2]

*2 Plaintiff tries to rely on cases which have interdicted an attempt to secure by a second discovery device information that has been secured by another discovery device or is otherwise so well known or established that the effort to secure it is unreasonable to the point of being oppressive.[3] But, those cases cannot possibly be construed to relieve the plaintiff of the fundamental obligation to answer an interrogatory as the Federal Rules require it to be answered. I therefore must conclude that the defendant has the right to an answer to each interrogatory which is narrative in form and is signed under oath by plaintiff.

Exhibit 15

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.

### The Interrogatories as to Inaccuracy of Information

The Commission's Interrogatory number 7 asked plaintiff to identify the records the Commission maintained which were inaccurate and to describe "the specific information contained therein that you believe to be irrelevant, inaccurate, false, malicious, and/or defamatory." Plaintiff unfortunately did not specify, as requested, the specific information contained within the documents which he claims to be inaccurate. Plaintiff instead responded by listing the documents by cross-reference, such as, "documents in the possession of NIGC disclosed to Melius by letter of December 21, 1998, to Mark M. Zaid from Jean M. McLaughlin ..."

Plaintiff also made a specific objection of irrelevance to Interrogatories 14, 15, 17, and 18 which asked him to identify (1) any foreign or domestic business interests he has; (2) the net worth of any business interest he has; (3) all contracts that he or any business entity in which he had an interest had; (4) the profits and losses for each entity in which he maintained an interest. He made the same objection to certain of the Commission's *Request for Production of Documents* numbers 12–14, 17–18 and 20, which required the production of all documents since 1983 that pertain in any way to (1) his financial position, including tax returns, audit documents, and statements of revenue, assets, debts, cost and overhead and (2) to the development and loss of business. These requests also sought (1) all documents since 1983 that relate to the loss of any contract before and after the Commission's alleged violation of the Privacy Act; (2) all documents that relate to the net worth of any business in which plaintiff had any interest before and after the Commission's alleged violations of the Privacy Act; (3) all documents that show he entered into any contracts after the alleged Privacy Act violations.

The Commission advances two justifications for the broad requests to which the plaintiff objects. First, it argues that, since plaintiff is complaining about its maintenance and use of inaccurate information concerning plaintiff and his business interests, it has the right to secure from him information which would tend to prove that the information it did have about him was accurate. The point is well taken, but the Commission would have to agree that it asks for information which could not possibly bear on the accuracy of the information it had. Information about, let us say, plaintiff's stock holdings could not possibly bear on the accuracy of the information the Commission had if the Commission did not collect any information about the those stock holdings.

**\*3** The Commission might respond that, while that is true, plaintiff's less than complete answer to its Interrogatory number 7 justifies its securing all information lest it be surprised by a claim of inaccuracy which it could rebut from plaintiff's own documents. But, securing *all* the information it wants, whether the Commission considered it or not, to protect itself from a potential claim of inaccuracy as to information the Commission did consider is burning down the barn to roast the pig. A fairer and more efficient solution is to require the plaintiff to specifically indicate what information considered by the Commission was inaccurate and then have him provide information and documents in his possession which might indicate that the information was accurate.

Accordingly, I will require plaintiff to provide a detailed and specific response to that portion of Interrogatory number 7 which requires him to provide a "description of the specific information contained therein [i.e., the document claimed to contain inaccurate information] that you believe to be irrelevant, inaccurate, false, malicious, and/or defamatory." *Defendant's Interrogatory Number 7*. In addition, plaintiff will be required to produce all documents which pertain or relate to the specific claims of inaccuracy he has made in his response to Interrogatory number 7 whether or not the documents would tend to establish that his claims of inaccuracy were baseless or accurate. This requirement will eliminate any need by the Commission to explore documents which have nothing to do with the inaccuracies plaintiff will claim and thereby eliminate any necessity to see all documents bearing in general on plaintiff's financial condition going back to 1983.

### The Damage Interrogatories

That leaves damages. In response to Interrogatory number 16, plaintiff has specifically identified all the financial opportunities that were lost or jeopardized because of the alleged Privacy Act violations. The last of these occurred on May 7, 1994. The Commission, nevertheless, wants information and documents which

disclose plaintiff's financial condition from 1983 to the present so that it can challenge plaintiff's claim that the Privacy Act violations truly harmed him.

The Commission's effort to secure this kind of information from 1983 to the present is unreasonable. As plaintiff points out, in 1983 the Commission was not even in existence and plaintiff's financial condition could not have possibly been affected by events which were yet to occur. While the Commission could counter that a comparison of plaintiff's financial condition before and after the Privacy Act violations might show he was harmed in his business, that would not tend to negate the specific claims he has asserted in his response to Interrogatory Number 16. That plaintiff secured a contract in 1995, despite the alleged Privacy Act violations, does not negate that he lost one in 1993 because of them. Thus, evidence that plaintiff's financial conditions improved despite the Privacy Act violations after May, 1994, does not negate that he suffered the specific loss of contracts he claimed in the period commencing no earlier than December, 1993, and ending no later than May 7, 1994, when he lost the last contract due to the alleged Privacy Act violations.[4] Plaintiff's objections to the overbreadth of the discovery sought are well taken and will be sustained.

*4 Therefore, for the reasons stated above, it is hereby,

ORDERED that *Defendant's Expedited Motion to Compel* [# 52] is Granted in Part and Denied in Part; it is further,

ORDERED that plaintiff provide answers to defendant's interrogatories 1–4, in narrative form and signed under oath. It is further, hereby,

ORDERED that plaintiff provide a detailed and specific response to that portion of Interrogatory 7 which requires him to provide "a description of the specific information contained therein [i.e., the document claimed to contain inaccurate information] that you believe to be irrelevant, inaccurate, false, malicious, and/or defamatory." Having done so, plaintiff is also ORDERED to produce all documents which pertain or relate to specific claims of inaccuracy he has made in response to Interrogatory 7 whether or not the documents would tend to establish the his claims were baseless or accurate.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2000 WL 1174994

---

Footnotes

1   While several of the interrogatories are answered in this fashion, defendant moves to compel only the answers to interrogatories 1–4.

2   Plaintiff cannot seriously protest that Fed.R.Civ. 33(d), which excuses a party from providing a narrative answer to an interrogatory by producing business records, permits him to answer the interrogatory the way he did. The assertion that pleadings, depositions, or exhibits are "business records" under this rule has been rejected by every court to consider it. See *In re: Savitt/Adler Litigation,* 176 F.R.D. 44, 49–50 (N.D.N.Y.1997); *Murray v. Kempton,* 142 F.R.D. 32, 33 (D.Mass.1992); *Smith v. Logansport Commercial School Corp.,* 139 F.R.D. 637, 650 (N.D.1991); *Continental Illinois National Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 687 (D.Kan.1991). Accord: *Machine Co. Inc. v. Kloepfler,* 184 B.R. 366, 369 (D.Colo.1995).

3   E.g., *Sendi v. Prudential–Bache Securities,* 100 F.R.D. 21, 23 (D.D.C.1983).

4   Plaintiff also claims in his response to Interrogatory 16 that he lost "an opportunity to serve as Indian gaming consultant to Park Place Entertainment and Caesar's World." This "opportunity" is not dated, but the Commission is, after all, amply protected from being surprised by any claim at trial concerning a lost contract or opportunity other than the ones plaintiff specified in his response to Interrogatory Number 16.

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.