IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNSON MARCRAFT, INC, <br>     Plaintiff/Counter-Defendant, <br><br> v. <br><br> WESTERN SURETY COMPANY, <br>     Defendant/Third-Party Plaintiff, <br><br> v. <br><br> ALEXANDER MECHANICAL <br> CONTRACTORS, INC., <br>     Third-Party Defendant/Counter-Plaintiff. | Case No. 3:15-cv-01482 |

**O R D E R**

Pending before the Court are various discovery-related motions and papers, which commenced with a Motion to Compel (Docket No. 38) filed by Plaintiff Johnson Marcraft, Inc. ("JMI"). In response Defendant Western Surety Company ("Western") filed a motion to strike JMI's motion to compel (Docket No. 42), which was alternatively pled as a response to the motion to compel. JMI then filed a response in opposition to Western's motion to strike (Docket No. 43). Both parties have also requested costs and attorneys' fees. For the reasons stated herein, JMI's motion to compel is GRANTED. Western's motion to strike is DENIED. The Court finds the glaring lack of cooperation by both parties in this case, including in even just getting this dispute before the Magistrate Judge, to be a circumstance that would make the award of any fees or expenses unjust, and therefore declines to make any such award with respect to the subject

discovery dispute. *See* Fed.R.Civ.P. 37(a)(5)(A)(iii).[1] Furthermore, going forward, the parties are reminded of Rule 1, which directs that the Federal Rules of Civil Procedure, including the discovery rules, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

In considering this matter, it is necessary to review the discovery requests and responses in dispute, which the Court has done. At the outset, the Court notes that the parties' respective filings are consumed with discussion of the joint statement required by Local Rule 37.01(a). The local rule specifically requires, as Western notes, a joint statement of the issues. However, the Initial Case Management Order entered in this case requires a more detailed statement, to include "the reason(s) why the dispute cannot be resolved." *See* Docket No. 21 at 5. If the reason why the dispute cannot be resolved is because the parties have a difference of opinion about what is required, based on applicable authority, then the joint statement should detail each party's position with supporting facts and legal authority. The Court is not impressed with the parties' inability to even prepare a joint statement, a simple task that the parties have turned into a complicated one. The Court wonders whether it ever occurred to the parties to simply each prepare their own statement detailing issues and contentions and incorporate them into one document, jointly filed, with designated portions attributable to each party? If the parties were unsure about that approach (or had any other questions about the joint statement for that matter), they could certainly have requested a telephonic conference with the undersigned Magistrate Judge, which would have clarified expectations and spared a considerable amount of time (and therefore expense).[2]

---

[1] Unless otherwise designated herein, all references to "rules" are to the Federal Rules of Civil Procedure.

[2] To clear up any doubt, this Magistrate Judge finds it perfectly acceptable for the parties to include legal arguments in a joint discovery statement. One joint statement detailing the discovery requests

At the outset, the Court notes that, because Western has responded to JMI's interrogatories by electing to produce its business records[3], pursuant to Rule 33(d), and referring JMI to those business records to discern the answers, much of the parties' dispute centers around the proper use of that rule. A general discussion of Rule 33(d) is therefore an appropriate starting point. Rule 33(d) provides:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or summaries.

Fed.R.Civ.P. 33(d). The plain language of Rule 33(d) thus requires that a party may use that rule to answer interrogatories only when three requirements are met: (1) the answer to the interrogatory may be determined from the business records: (2) the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party responding to the interrogatory; and, (3) the specification is in sufficient detail to permit the interrogating party to identify, as readily as the responding party could, the records from which the answer may be ascertained.

Generally, referencing a mass of documents or records does not comply with Rule 33(d). *See e.g. United States ex rel. Landis v. Tailwind Sports Corp.*, ___ F.Supp.3d ___, 2016 WL

---

and each party's respective position with supporting facts and legal authority would have been much preferred to the multiple filings of the parties.

[3] Although JMI contends that the records produced by Western are not its business records, Western maintains that the records produced are its business records. The Court does not find it necessary to resolve this issue, to the extent it is a real issue, at this time.

2944648 at *2 (D. D.C. May 20, 2016) (internal citations omitted).  This generic reference does not provide the kind of specific detail required by the rule.  When relying on Rule 33(d), the responding party must "precisely specif[y] for *each* interrogatory … the actual documents where information will be found."  *SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D. N.C. 2002) (emphasis added).

Additionally, courts have consistently held that Rule 33(d) cannot be used with respect to contention interrogatories.  *See e.g. United States ex rel. Landis v. Tailwind Sports Corp.*, *supra*.  This is so because "documents normally reveal evidence, not a party's contentions or statement of facts" that a party contends support its position.  *SEC v. Elfindepan, S.A.*, 206 F.R.D. at 577 (citing *In Re Savitt/Adler Litig*, 176 F.R.D. 44, 49-50 (N.D. N.Y. 1997)).  Only the party knows what facts and information it has relied upon to support the allegations made in its complaint or in its answer.  It would therefore be necessary for the interrogating party to be able to read the responding party's mind before it could discern the answers to contention interrogatories from business records.  Even if the interrogating party could read the responding party's mind, that alone is no guarantee that the interrogating party could discern the answers to its interrogatories from business records, since there is no way to know whether the interrogating party would view certain facts and occurrences the same way that the responding party does, a fact which is evidenced by the present discovery dispute.

Guided by these general principles, the Court addresses the specific discovery requests at issue.  The disputed discovery requests and responses are as follows[4]:

> **Interrogatory No. 2:** Please explain in detail all steps or actions taken by you after June 26, 2015, to investigate the assertions made in Plaintiff's Bond Claim and identify all documents related thereto.

---

[4] For the most part, the interrogatories are addressed in numerical order, with some variations because of similarity of non-consecutive interrogatories.

> **ANSWER:** Western has attached all documents referencing its investigation following Plaintiff's Bond Claim. Said investigative documents are attached in Exhibit A.

This answer does not meet the requirements of Rule 33(d). First, Western is more familiar with the information requested than is JMI, so the "burden of deriving or ascertaining" the information from the business records produced is not even close to substantially the same. *See United States ex rel. Landis v. Tailwind Sports Corp.*, *supra*. The information sought by JMI is inherently subjective, while Rule 33(d) is better "suited to those discovery requests requiring compilation or analysis" – "inquiries of an intensely objective nature." *Id.* (citing *United Oil Co., v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005)). Western maintains that providing its business records provided JMI "with an all-encompassing view" of how Western became aware of the claim, Western's review of the claim, and Western's determination not to pay JMI." *See* Docket No. 42 at 8. However, as noted in the *Tailwind Sports* case, reviewing the records by Western to derive the answer to Interrogatory No. 2 would "hardly be a mechanical undertaking." *Id*. Further, even if the documents produced adequately "detail all steps or actions taken by [Western] … to investigate the assertions made in Plaintiff's Bond Claim," as requested in Interrogatory No. 2, it is not incumbent upon JMI to ferret out which documents those are. Western could surely derive or ascertain the answer more easily than JMI, which means the burden is not substantially the same. Because the requirements of Rule 33(d) are not met, Western cannot simply rely on its produced documents, and shall therefore provide under oath the detailed narrative requested by Interrogatory No. 2.

Western's amended or supplemental response made under oath shall also identify by Bates numbers, the specific document or documents that are responsive to Interrogatory No. 2. This identification should include without limitation documents that are responsive to each of the

processes generally described by Western, specifically: (1) the document or documents that describe "how Western became aware of the claim"; (2) the document or documents that describe "Western's review of the claim"; and, (3) the document or documents that describe "Western's determination not to pay JMI."

> **Interrogatory No. 3:** Please identify all demands for indemnity made by Defendant upon Alexander Mechanical concerning the Payment Bond or Plaintiff's Bond Claim, including any demands or requests that Alexander Mechanical deposit with Defendant collateral security in an amount and kind satisfactory to Defendant, and identify all documents related thereto.
>
> **ANSWER:** Western has attached correspondence referencing Western's demand for indemnity and Alexander's response as it concerns the Payment Bond and/or Plaintiff's Bond Claim. There has been no demand or request for collateral security at this time. Said correspondence is attached in Exhibit A.

The Court will give Western the benefit of its assurances that the information is fully contained with the documents. But, even if relying on Rule 33(d), Western must still identify the responsive documents with specificity, which it has not done. Western shall therefore amend or supplement its response to this interrogatory under oath by identifying by Bates numbers, the documents containing the specific information requested in Interrogatory No. 3.

The Court also notes that Western proceeds at its own peril regarding the specificity of the documents. If the documents do not detail with specificity "all demands for indemnity," as requested in Interrogatory No. 3, the Court will entertain another motion to compel, and will consider the award of sanctions. To avoid that potential outcome, Western may do better to simply provide the narrative contemplated by Interrogatory No. 3, as supported by specifically identified (i.e. specific Bates numbered) documents. That is a strategic decision that the Court will leave to Western, at least for the time being.

> **Interrogatory No. 4:** Please identify all requests made by Defendant to Alexander Mechanical concerning the Payment Bond or Plaintiff's Bond Claim in which Defendant sought or requested access to any books and records of Alexander

6

Mechanical, and identify all documents related thereto, including any documents made available to Defendant by Alexander Mechanical in response to any such request.

**ANSWER:** Western has attached all documents referencing its investigation following Plaintiff's Bond Claim. Said investigative documents are attached in Exhibit A.

For the same reasons as with respect to Interrogatory No. 2, the Court finds that this interrogatory is not one suited for and fails to meet the requirements of Rule 33(d). Western shall therefore provide the requested information in narrative format under oath. Western's amended or supplemental response under oath shall also identify by specific Bates numbers the "investigative documents" that it represents are responsive to this interrogatory.

**Interrogatory No. 5:** Please identify all steps or actions taken by you to obtain information regarding the financial condition, affairs, or wherewithal of Alexander Mechanical following the issuance of the Payment Bond, including obtaining a credit report for Alexander Mechanical, and identify all documents related thereto.

**ANSWER:** Western has attached all documents referencing its investigation following Plaintiff's Bond Claim. Said investigative documents are attached in Exhibit A.

For the same reasons as with respect to Interrogatory No. 2, the Court finds that this interrogatory is not one suited for and fails to meet the requirements of Rule 33(d). Western shall therefore provide the requested information in narrative format under oath. Western's amended or supplement response under oath shall also identify by specific Bates numbers the "investigative documents" that it represents are responsive to this interrogatory.

The following interrogatories are contention interrogatories:

**Interrogatory No. 6:** Please identify each ground on which the allegation that "[t]he Complaint fails to state a claim upon which relief may be granted," as alleged in the "First Defense" to your Answer, is based and identify all facts and all documents reflecting or relating to such facts regarding that allegation.

**ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, it is Western's position that no

7

money is due and/or owing to JMI and as such, no relief may be granted. All documents relating to such facts are attached in Exhibit A.

**Interrogatory No. 8:** Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "WSC is entitled to an offset to alleged monies owed," as alleged in the "Third Defense" to your Answer.

**ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, see Exhibit A and Alexander Mechanical's Third Party Counterclaim against JMI presenting a basis for offsetting of alleged monies owed.

**Interrogatory No. 9:** Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "[a]t all times relevant hereto, WSC performed as surety in accordance with the agreement executed by and between Alexander Mechanical Contractors, Inc. (hereinafter 'Alexander'), fully, properly, and in accordance with the applicable standard of care" and that "[t]hus, WSC, as surety of Alexander, is not liable for any damages related to the agreement executed by and between Alexander and Johnson Marcraft, Inc.," as alleged in the "Fourth Defense" to your Answer.

**ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, see Exhibit A attached reflecting Western's relationship with Alexander and its investigation into JMI's claims.

**Interrogatory No. 10:** Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "no cause of action exists," as alleged in the "Fifth Defense" to your Answer.

**ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, it is Western's position that no money is due and/or owing to JMI and as such, no relief may be granted. See Exhibit A and Alexander Mechanical's Third Party Counterclaim against JMI.

The Court is unpersuaded by Western's objections to these interrogatories and the objections are therefore overruled. Courts generally reject application of the work product doctrine to contention interrogatories, which are expressly permitted by Rule 33(a). *See e.g. In re Continental Capital Inv. Services, Inc.*, No. 06-3505, 2009 WL 1551918 at *6 (Bankr. N.D. Ohio March 6, 2009) (internal citations omitted). *See also In re Dow Corning Corp.*, No. 95-cv-20512, 2010 WL 3927728 at *12 (E.D. Mich. June 15, 2010) (Rule 33 provides that "an interrogatory is

not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact").

Because these are contention interrogatories, and for the additional reasons stated above with respect to Interrogatory No. 2, the Court finds that these interrogatories are not suited for and fail to meet the requirements of Rule 33(d). Western shall therefore provide the requested information in narrative format under oath with specific detail for each interrogatory. Western's amended or supplemental responses under oath shall also identify by specific Bates numbers the documents that Western contends support or relate to its position, as stated in the narrative interrogatory response. To the extent not otherwise identified by Western as supporting or relating to Western's narrative interrogatory responses, Western shall identify by Bates number the documents that: (i) for Interrogatory No. 6, relate to Western's position that no money is due and/or owing to JMI; (ii) for Interrogatory No. 8, relate to any claim of offset; (iii) for Interrogatory No. 9, reflect Western's relationship with Alexander and its investigation into JMI's claim; and, (iv) for Interrogatory No. 10, relate to Western's contention that no cause of action exists.

Interrogatory No. 7 is also a contention interrogatory, but Western's answer is a bit different.

> **Interrogatory No. 7:** Please identify all facts and all documents reflecting or relating to such facts regarding the allegation that "WSC was not the proximate or actual cause of Plaintiff's alleged injuries," as alleged in the "Second Defense" to your Answer.
>
> **ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, Western's actions and/or inactions, did not cause any of JMI's alleged damages. To this point, Plaintiff's cause of action relates back to alleged monies owed and not paid by Alexander Mechanical to JMI.

For the reasons stated above, Western's objection is overruled, as this is a proper contention interrogatory. Western has at least made an attempt to respond to this interrogatory, but Western's

general and conclusory statements provide JMI with no specific information from which it can prepare a response to Western's defense. Western shall therefore amend or supplement its response to provide specific facts under oath relating to or regarding Western's allegation that "WSC was not the proximate or actual cause of Plaintiff's alleged injuries." Western's amended or supplemental response under oath shall also identify by specific Bates numbers the produced documents that are responsive to this interrogatory.

> **Interrogatory No. 12:** Please explain the basis for your denial of Paragraph 19 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 19 of Plaintiff's Complaint alleges: "On July 9, 2013, Alexander and JMI entered into a contact pursuant to which Alexander agreed to purchase, and JMI agreed to sell, two AHUs for the Project, as described in JMI's Submittals, for the purchase price of $2,242,340.00 (which amount was subsequently increased slightly to $2,249,710.00 pursuant to two change orders issued by Alexander).
>
> **ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, a dispute exists as to which documents are controlling. The date of contract and relative terms and conditions of the contract are disputed as JMI believes its submittals are controlling and Alexander believes its Purchase Order is controlling.
>
> **Interrogatory No. 13:** Please explain the basis for your denial of Paragraph 20 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 20 of Plaintiff's Complaint alleges: "The contract between Alexander and JMI was formed when Alexander signed and approved JMI's Submittals, each of which included JMI's Terms and Conditions of Sale (the 'Terms and Conditions'). A copy of page 1 of each Submittal, as signed by Alexander, and the Terms and Conditions is attached hereto as Exhibit D.").
>
> **ANSWER:** Objection. This request seeks the legal reasoning and theories of Western's counsel. Without waiving said objection, a dispute exists as to which documents are controlling. The date of contract and relative terms and conditions of the contract are disputed as JMI believes its submittals are controlling and Alexander believes its Purchase Order is controlling.

For the reasons stated above, Western's objections to these interrogatories are overruled, as these are proper contention interrogatories. The Court does not view these interrogatories as an

effort by JMI to force Western (or Alexander) to concede to JMI's position (*see* Docket No. 42 at 11), but rather as an effort to discover the factual basis for Western's (and Alexander's) position. That is discoverable information within the scope of Rule 26. Western's response that the basis for its position is explained in other documents is unavailing. Western shall provide detailed narrative responses to Interrogatory No. 12 and Interrogatory No. 13 under oath.[5] Western's amended or supplemental responses under oath shall also identify by specific Bates numbers the produced documents that are responsive to Interrogatory Nos. 12 and 13.

> **Interrogatory No. 17:** Please explain the basis for your denial of Paragraph 37 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 37 of Plaintiff's Complaint alleges: "As of May 5, 2015, JMI had fully performed its obligations under its contract with Alexander.").
>
> **ANSWER:** See Exhibit A and Alexander Mechanical's Third Party Counterclaim against JMI.

For the same reasons as with respect to Interrogatory No. 2, the Court finds that this interrogatory is not one suited for and fails to meet the requirements of Rule 33(d). Western shall therefore provide the requested information in narrative format under oath. Western's amended or supplemental response under oath shall also identify by specific Bates numbers the produced documents that it represents are responsive to this interrogatory.

> **Interrogatory No. 20:** Please explain the basis for your denial of Paragraph 48 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 48 of Plaintiff's Complaint alleges: "Western's [October 30, 2015] letter did not address, let alone attempt to refute, the substance of JMI's letter of September 17, 2015, including the portions of said letter quoted above.").
>
> **ANSWER:** See Exhibit A. Specifically, Western's letter states that "Alexander Mechanical Contractors asserts that the back charges against Johnson Marcraft significantly exceed the claim filed by Johnson Marcraft." Moreover, Western

---

[5] If the factual basis is adequately stated in other documents, Western can simply restate that factual basis under oath in response to these interrogatories.

states that it appears to Western that Alexander Mechanical's position is reasonable under the circumstances.

JMI's complaints, while not entirely unfounded, appear to be more directed to the merits of the underlying dispute than to this discovery dispute. That Western's answer could be more descriptive is demonstrated by Western's response to JMI's motion to compel, which provides at least some more detail of the kind elicited by this interrogatory, such as a reference to defective materials. *See* Docket No. 42 at 12. This indicates that there is specific information responsive to this interrogatory, and Western shall therefore amend or supplement its response to Interrogatory No. 20 under oath to provide the specific factual basis for its denial of Paragraph 48 of Plaintiff's Complaint. Western's amended or supplemental response under oath shall also identify by specific Bates numbers the documents that are responsive to this interrogatory.

> **Interrogatory No. 22:** Please explain the basis for your denial of Paragraph 58 of Plaintiff's Complaint in your Answer and identify all facts and all documents reflecting or relating to such facts regarding the basis for your denial. (Paragraph 58 of Plaintiff's Complaint alleges: "Western's denial of JMI's claim under the Payment Bond was not asserted with reasonable cause or excuse in that Western did not conduct an independent investigation of JMI's claim but, instead, merely deferred to Alexander's refusal to pay, even though Alexander is insolvent or unable to pay JMI and Alexander's refusal to pay is manifestly indefensible.").
>
> **ANSWER:** See Exhibit A. Not only does this position seek to state an unfounded conclusion, it is inherently wrong. Specifically, Western's letter states that "Alexander Mechanical Contractors asserts that the back charges against Johnson Marcraft significantly exceed the claim filed by Johnson Marcraft." Moreover, Western states that it appears to Western that Alexander Mechanical's position is reasonable under the circumstances. Without explicitly stating that it has conducted its own investigation, the basis for Western's position indicates an investigation into the claim had occurred.

The real crux of this interrogatory is the action taken by Western in its investigation of and determination of whether to pay JMI's claim, which, for the reasons stated above with respect to Interrogatory No. 2, is discoverable information for which reliance upon Rule 33(d) will not suffice. Because the Court has already directed Western to respond in a sworn narrative to

12

Interrogatory No. 2, which may provide the information that JMI seeks, the Court reserves JMI's request to compel Western to provide a more detailed narrative response to this interrogatory. However, Western shall identify by specific Bates number any produced documents reflecting that Western conducted any investigation of its own. If Western takes the position, as it appears to from its response (*see* Docket No. 42 at 12), that the Claim File produced evidences Western's investigation into this matter, Western shall amend or supplement its response to Interrogatory No. 22 by making that statement under oath.

Going back to Interrogatory No. 11:

**Interrogatory No. 11:** Please identify all contractual provisions, statutes and/or legal principles upon which your request for attorneys' fees on page 6 of your Answer is based and identify all facts and all documents reflecting or relating to such facts regarding that request, including but not limited to all fee agreements, retention agreements, billing statements, invoices and evidence of payment.

**ANSWER:** Western is not incurring attorneys' fees at this time as Alexander Mechanical has agreed to indemnify Western pursuant to its contract with Alexander Mechanical. See Exhibit A. Per the agreement to indemnify, Western's fees are incurred by Alexander. Alexander has a claim for attorneys' fees under its controlling Purchase Order.

The Court agrees with JMI that Western's answer to this interrogatory is deficient. Although Western has provided some narrative, for the same reasons as with respect to Interrogatory No. 2, the Court finds that Western's reliance on a generic reference to "Exhibit A" is misplaced because this interrogatory is not one suited for and fails to meet the requirements of Rule 33(d). Western shall therefore identify (under oath) by specific Bates numbers the produced documents that are the bases for any request for attorneys' fees by either Western or Alexander (since Western is relying on an indemnity agreement with Alexander for satisfaction of Western's fees.)

13

Finally, Rule 33(b)(3) requires that interrogatory answers be "in writing under oath." Fed.R.Civ.P. 33(b)(3). As noted throughout, the answers that Western is compelled to provide by this order shall be under oath. Additionally, Western shall amend or supplement all of its interrogatory answers, not just the ones addressed herein, to be under oath, as expressly required by Rule 33(b)(3).

In summary, for all of the foregoing reasons, the Court concludes that Western's answers to JMI's Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 20, and 22 are inadequate and should be more specific. Additionally, Western is required to answer interrogatories under oath. Finally, the lack of cooperation by both parties in this case is a circumstance that would make the award of any fees or expenses unjust, and the Court therefore declines to make any such award.

Accordingly, it is hereby ORDERED that:

1. JMI's motion to compel discovery from Western (Docket No. 38) is GRANTED.

2. Western's motion to strike (Docket No. 42) is DENIED.

3. Western's objections to Interrogatory Nos. 6, 7, 8, 9, 10, 12, and 13 are OVERRULED.

4. Western is given twenty (20) days from the date of entry of this Order in which to amend or supplement its answers to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 20, and 22 as directed herein.

5. Both parties' requests for attorneys' fees and expenses are DENIED.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge