# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNSON MARCRAFT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | NO. 3:15-cv-01482 |
| WESTERN SURETY COMPANY, ) | |
| ) | JUDGE CAMPBELL |
| Defendant/Third-Party Plaintiff, ) | MAGISTRATE JUDGE |
| v. ) | HOLMES |
| ) | |
| ALEXANDER MECHANICAL ) | |
| CONTRACTORS, INC., ) | |
| ) | |
| Third-Party Defendant/ ) | |
| Counter-Plaintiff. ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 160), recommending the Court: deny Western Surety Company's Motion to Dismiss (Doc. No. 80); grant Plaintiff's Motion for Sanctions (Doc. No. 88); grant Plaintiff's Motion to Enforce Settlement (Doc. No. 116); deny Alexander Mechanical Contractor's Emergency Motion to Determine Whether an Enforceable Settlement Agreement Exists (Doc. No. 115); and grant Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 79).

Western Surety and Alexander Mechanical ("Defendants") filed objections to the R&R (Doc. No. 164), and Plaintiff filed a response to the objections. (Doc. No. 165). The Court has reviewed the R&R and the objections, and conducted a *de novo* review of the record. For the following reasons, the R&R is **ADOPTED**.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009); *Lea v. United States Dep't of Agric.*, 2018 WL 721381, at *1 (M.D. Tenn. Feb. 6, 2018) ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge."). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The relevant facts in this case were summarized by the Court's June 22, 2016 memorandum (Doc. No. 40) and by the Magistrate Judge's R&R. (Doc. No. 160). Those facts are adopted for purposes of this order.

Despite the requirement that a party object specifically to a magistrate judge's R&R and not simply restate previous arguments, Defendants filed forty pages of objections, many of which essentially re-state the arguments previously made. The Court, nevertheless, has conducted a *de novo* review of the record and will attempt to address Defendants objections.

### A. Objections Regarding Motion for Sanctions and Motion to Dismiss

Defendants object to the Magistrate Judge's recommendation that Western be prohibited from asserting its choice of law argument, the basis of its motion to dismiss, as a sanction for

failing to disclose choice of law as a ground for its failure to state a claim defense. (Doc. No. 164). Defendants argue the Magistrate Judge's imposition of sanctions was inappropriate and she failed to properly analyze each of the four factors the Sixth Circuit has employed to determine whether sanctions are appropriate: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or faulty; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *See Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 766 (6th Cir. 2005).

Defendants' objections are not well founded. The Magistrate Judge appropriately analyzed each of the four factors in detail and found sanctions were warranted, prohibiting Western from asserting its choice of law defense while declining to award Plaintiff attorneys fees. (Doc. No 160 at 5-9). First, the Magistrate Judge correctly held Western's failure to identify choice of law as a ground for its failure to state a claim defense was in willful disregard of the Court's previous order that Western provide a detailed disclosure of all grounds for the defense. Second, Plaintiff was prejudiced by this failure to disclose because discovery closed on the day Western filed its motion to dismiss. Third, the Magistrate Judge clearly warned Western in a previous order that sanctions would be considered if it did not comply with its discovery obligations. And finally, the Magistrate Judge considered lesser sanctions, but found no lesser sanction would be effective.

Having conducted a *de novo* review of the Magistrate Judge's determinations and Defendants' objections, the Court concludes the objections are without merit, and the R&R on the motion for sanctions and motion to dismiss should be adopted. Accordingly, Plaintiff's motion for sanctions is **GRANTED** and Western's motion to dismiss is **DENIED**.

### B. Objections Regarding Enforceability of Settlement Agreement

Defendants object to the Magistrate Judge's recommendation that the settlement agreement between Plaintiff and Alexander should be enforced. Defendant argues there was no mutual assent between the parties regarding the settlement agreement, the document was not signed by Alexander, and there was no express acceptance of the agreement. (Doc. No. 164). Each of these objections, however, previously were presented as arguments by Defendants, and were appropriately considered and addressed by the Magistrate Judge in the R&R. (Doc. No. 160 at 9-18).

Nevertheless, the Court has conducted a *de novo* review of the Magistrate Judge's determinations and Defendants' objections. The Court finds Defendants' objections are without merit, and the settlement agreement between Plaintiff and Alexander is enforceable. Accordingly, Plaintiff's motion to enforce settlement is **GRANTED,** and Alexander's emergency motion to determine whether an enforceable settlement agreement exists is **DENIED**.

### C. Objections Regarding Motion for Partial Summary Judgment

Defendants object to the Magistrate Judge's recommendation that Plaintiff's motion for partial summary judgment be granted, and judgment be entered that Plaintiff and Alexander reached an enforceable contract on July 9, 2013. (Doc. No. 164). Defendants argue Western is entitled to a ruling on the merits of the summary judgment motion, and the R&R's failure to provide such a ruling handicaps Western for the remainder of the lawsuit. Defendants also argue the Magistrate Judge failed to view the evidence in the light most favorable to the nonmoving party.

The Court finds Defendants' objections to be without merit. If Western wanted to ensure it be afforded a ruling on the merits of Plaintiff's motion for summary judgment, it should have

responded to the motion. Further, the Magistrate Judge did not fail to view the evidence in the light most favorable to the nonmoving party. Western failed to respond to Plaintiff's motion, or simply join in Alexander's response. Accordingly, Fed. R. Civ. P. 56 permits the Court to rely on the facts presented by Plaintiff as undisputed. In doing so, the Magistrate Judge correctly determined that the authority presented by Plaintiff entitled it to judgment as a matter of law on the existence of a contract between Plaintiff and Alexander.

Having conducted a *de novo* review of the Magistrate Judge's determinations and Defendants' objections, the Court concludes the R&R should be adopted. Plaintiff's motion for partial summary judgment is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE